**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

CLEAN FUELS OF INDIANA, INC.

        Plaintiff,

v.                                 Case No. 6:16-cv-1472-Orl-37TBS

RIVERPORT INSURANCE COMPANY,

        Defendant.

**ORDER**

This cause is before the Court on Defendant's Motion to Dismiss (Doc. 27), filed October 26, 2016.

**BACKGROUND**

This action arises form Defendant Riverport Insurance Company's ("**Riverport**") alleged denial of benefits under an Indiana workers' compensation and employer's liability insurance policy issued to Plaintiff Clean Fuels of Indiana, Inc. ("**Clean Fuels**") for the period December 5, 2014 to December 5, 2015 ("**Insurance Policy**"). (*See* Doc. 1, ¶ 6.) Specifically, on August 17, 2016, Clean Fuels filed a two-count Complaint alleging that under Minnesota law, Riverport: (1) breached the Insurance Policy; and (2) breached the covenant of good faith and fair dealing. (Doc. 1.)[1] (*See id.* at ¶¶ 28–33.)

On October 26, 2016, Riverport moved to dismiss the Complaint for improper venue or, alternatively, to transfer the case to a district court in Indiana. (Doc. 27

---

[1] The instant action is related to a wrongful death action against Clean Fuels stemming from the death of former employee Thomas Wood ("***Wood* Action**").The *Wood* Action settled on November 2, 2016. (*See* Case No. 6:15-cv-1540-Orl-37TBS, Doc. 102.)

("**MTD**").)[2] Upon consideration, the Court finds that the MTD is due to be granted in part.

## STANDARD

When considering a motion to dismiss for improper venue, the court must accept all allegations in the complaint as true, unless contradicted by the defendant's affidavits. *Estate of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1239 (11th Cir. 2012) (quoting *Home Ins. Co. v. Thomas Indus., Inc.*, 896 F.2d 1352, 1355 (11th Cir.1990)). When an allegation is challenged by the defendant, the court may examine facts outside the complaint to determine whether venue is proper. *Id.* However, in the absence of an evidentiary hearing, the court gives greater weight to the plaintiff's version of jurisdictional facts, and draws all reasonable inferences in favor of the plaintiff. *Id.*; *Wai v. Rainbow Holdings,* 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004) (citation omitted) ("The court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff.").

Proper venue for an action brought in federal court is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

If a claim does not comport with § 1391(b), the court, "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have

---

[2] While Clean Fuels's response to the MTD is not yet due, the Court finds additional briefing unnecessary.

2

been brought." 28 U.S.C. § 1406(a). On a motion to dismiss for improper venue, the plaintiff has the burden of showing that venue in the forum is proper. *Pinson v. Rumsfeld,* 192 Fed. Appx. 811, 817 (11th Cir. 2006).

### DISCUSSION

As an initial matter, "[a] civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(2).[3] The basis for Clean Fuels's Complaint arises from Riverport's alleged wrongful denial of workers' compensation benefits and refusal to defend and indemnify Clean Fuels in the *Wood* Action. (Doc. 1, ¶¶ 35–36, 39–43.) However, the allegations in the Complaint do not demonstrate that venue is proper in this District. Rather, venue is proper in the district where the parties' contacts weigh most heavily. *See DeLong Equip. Co. v. Wash. Mills Abrasive*, 840 F.2d 843, 855 (11th Cir. 1998). In the context of a breach of contract claim, "the place of execution of a contract, rather than the place of negotiations, controls where the claim arises for venue purposes." *Home Ins. Co.*, 896 F.2d at 1355–56; *see also Jumpstart of Sarasota, LLC v. ADP Screening & Selection Servs., Inc.*, No. 8:11-cv-617-T-17TGW, 2011 WL 6132310, at *3 (M.D. Fla. Dec. 9, 2011) (finding that in the context of venue, the location of the breach of contract is the most determinative of proper venue).

There can be no dispute that the execution of the Insurance Policy occurred in

---

[3] Plaintiff has asserted that venue is proper only under § 1391(b)(2). While 28 U.S.C. § 1391(b) provides two other bases in which venue may be proper, the Court finds that neither is applicable here as Riverport does not reside in, nor is it subject to personal jurisdiction in the Middle District of Florida. *See* 28 U.S.C. § 1391(c)(2). Despite this lack of personal jurisdiction, the Court retains the power to transfer the matter. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). c

Indiana and the Complaint emanates entirely from Riverport's alleged breach of the Insurance Policy. (*See* Doc. 1.) Indeed, in the Complaint, Clean Fuels asserts that the process of executing and renewing the Insurance Policy involved the exchange of documents between Minneapolis and Indianapolis, Indiana. (*See id* at ¶ 27.) Nonetheless, Clean Fuels asserts that venue is proper in this District because a substantial part of the events or omissions that give rise to this action occurred in the Middle District of Florida. (*Id.* at ¶ 4.) Riverport counters that Clean Fuels has incorrectly conflated the acts giving rise to the *Wood* Action with the acts giving rise to the instant action. (Doc. 27, p.14.) The Court agrees with Riverport.

In support of its MTD, Riverport attached to its MTD an affidavit from the Ronald W. Cooper ("**Cooper**"), president of the Indiana Compensation Rating Bureau ("**ICRB**"), describing the process by which Clean Fuels obtained its Insurance Policy. (Doc. 27-1.) Importantly, Cooper testified that the ICRB has its principal place of business in Indianapolis, Indiana. (*Id.* ¶ 4.) The ICRB serves as a plan administrator for a reinsurance pool ("**Pool**"), which provides workers' compensation insurance to employers who cannot otherwise obtain it. (*Id.* ¶¶ 7, 9, 21.) The Pool binds insurance coverage and maintains insurance premiums from Indianapolis, Indiana. (*Id.* ¶¶ 12, 13.)

On December 4, 2009, Clean Fuels submitted an application to the Pool for the Insurance Policy. (*Id.* ¶ 32.) Clean Fuels sent a premium check from its office in Keystone, Indiana, to Indianapolis. (*Id.* ¶ 35; *see also id.* at 12.) The Pool selected Riverport, a member of the ICRB, to service the Insurance Policy. (*Id.* ¶¶ 18, 41.) Riverport then engaged Berkley Assigned Risk Services ("**Berkley**") as a third-party claims administrator to administer any claims arising under the Insurance Policy. (*Id.* ¶ 42.) Berkley maintains

an office in Indianapolis. (*Id.*) Cindy Klebush ("**Klebush**") worked for Berkley as a claims manager from the Indianapolis office. (*Id.* ¶¶ 42, 43, 45.) Additionally, Klebush investigated the workers' compensation claim germane to the *Wood* Action from her Indianapolis office. (*See id.* ¶¶ 44, 45.) Cooper also avers that coverage under the Insurance Policy was limited to Indiana and that the Pool provided no services in Florida with respect to Clean Fuels. (*Id.* ¶¶ 47, 49, 51, 53, 54.) As such, the Court finds that venue is improper in this District.

Based on the foregoing, the Court may, within its discretion, dismiss the action or transfer it to a proper venue. *See* 28 U.S.C. § 1406; *see also Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns., Inc.*, 689 F.2d 982, 985 (11th Cir. 1982). Where venue would be proper in another district, transfer is preferred over dismissal unless evidence establishes that the case was brought in the improper venue in bad faith or in an effort to harass a defendant. *Palmer v. Dau*, No. 6:10-cv-248-Orl-19KRS, 2010 WL 2740075, at *2 (M.D. Fla. Jul. 12, 2010).

Here, the Court finds that the interests of justice warrant transfer of this matter as nothing in the record suggests Clean Fuels initiated this action in bad faith; rather, it appears that Clean Fuels mistakenly filed this action here due to the pendency of the *Wood* Action.[4] While Riverport has not asserted which district in Indiana is proper, the Court finds that the weight of the contacts establish that venue lies in the U.S. District Court for the Southern District of Indiana, which encompasses Indianapolis.

---

[4] The underlying wrongful death claim for which coverage is sought has now been settled, eliminating entirely any contact with the Middle District of Florida.

5

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Motion to Dismiss (Doc. 27) is **GRANTED IN PART AND DENIED IN PART**.

    a. The Motion is **GRANTED** to the extent that the action is **TRANSFERRED** to the U.S. District Court for the Southern District of Indiana.

    b. In all other respects, the Motion is **DENIED**.

2. The Clerk is **DIRECTED** to transfer the case to the U.S. District Court for the Southern District of Indiana and close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 9, 2016.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

U.S. District Court for the Southern
District of Indiana